## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Linda Anderson,

       Plaintiff,

  v.

Sappi Fine Paper North America,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-428 ADM/LIB

_____

Sean M. Quinn, Esq., Falsani, Balmer, Peterson, Quinn & Beyer, Duluth, MN, on behalf of
Plaintiff.

Charles F. Knapp, Esq., Faegre Baker Daniels LLP, Minneapolis, MN; and  David G. Gabor,
Esq., The Wagner Law Group, Boston, MA, on behalf Defendant.

_____

## I.  INTRODUCTION

On September 23, 2014, the undersigned United States District Judge heard oral

argument on Defendant Sappi Fine Paper North America's ("Sappi") Motion to Dismiss [Docket

No. 12].  Plaintiff Linda Anderson ("Anderson") opposes the motion.  For the reasons set forth

below, Sappi's motion is denied.

## II.  BACKGROUND

Anderson was an employee of Sappi until July 2012, when she was unable to work due to

illness.  Compl. [Docket No. 1] ¶ 3.  Sometime thereafter, Anderson pursued disability benefits

under Sappi's retirement plan (the "Plan").  Sappi denied Anderson's claim for disability

benefits and the denial was upheld by final administrative review on October 11, 2013.  Id. at ¶

8.  Sappi's denial of Anderson's claim was based on its conclusion that Anderson's disability did

not satisfy the disability requirement as defined in the Plan.  Anderson commenced this action

primarily seeking an award of disability benefits under the Plan, averring that Sappi's denial of

disability benefits was arbitrary and capricious.

### III.  DISCUSSION

**A.  Motion To Dismiss Standard**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short

and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must

contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw a reasonable inference that the defendant is liable

for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Determining

whether a complaint states a plausible claim for relief is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."  Id.  "But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'"  Id. (quoting

Fed. R. Civ. P. 8(a)(2)).

**B.  Plausibility**

The Complaint contains misrepresentations and ambiguities that make it unclear whether

or not Anderson has satisfied the "plausibility" standard outlined in Twombly and Iqbal.  In one

paragraph, the Complaint asserts Anderson is unable to work on a "full-time" basis.  Compl. ¶ 6.

The following paragraph claims Anderson is "not capable of working."  Id. at ¶ 7.  This

ambiguity is vital to determining plausibility because the Plan requires establishing the inability

to "perform any work for any kind of compensation of financial value" before receiving

disability benefits.  Id. at ¶ 5.  Sappi argues that being unable to work full-time implies part-time work is possible.  This statement, however, read with the averment in the following paragraph creates confusion as to whether or not Anderson is able to "perform any work for any kind of compensation of financial value."

Sappi argues that even with the facial ambiguities included in the Complaint, dismissal is proper because the findings from the Social Security Administration, medical records, and admissions establish Anderson could perform sedentary work or work with an accommodation. These additional documents purporting to demonstrate Anderson's ability to perform some work are not part of the pleadings and will not be considered at this time.  See Stahl v. U.S.D.A. 327 F. 3d 697, 701 (8th Cir. 2003)  ("[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 491 (2d ed.1990))).

What is appropriately before the Court at this time is an inartfully drafted Complaint that may or may not plead a plausible cause of action according to the language of the Plan. Procedural rules authorize judicial discretion to grant leave for pleadings to be amended when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Leave to amend is to be freely given.  Id.  One purpose of Rule 15(a), as described by the Supreme Court, is to afford plaintiffs an opportunity to test their claims on the merits.  Foman v. Davis, 371 U.S. 178, 182 (1962).  At oral argument, counsel agreed the Complaint should have been crafted with greater precision.  Counsel confessed to using a stock complaint that compounded the deficiencies by including statements that were factually inapplicable to this case.  Further, counsel presented suggestions for how the

Complaint could be improved.  At this stage, reluctance to dismiss a complaint because of the quality of its drafting warrants against granting Sappi's motion.

## C. Futility

Granting leave to amend is only proper if the claims created by the amendments would be able to survive a Rule 12(b)(6) motion to dismiss.  <u>Cornelia I. Crowell GST Trust v. Prossis Medical Inc.</u>, 519 F.3d 778, 782 (8th Cir. 2008).  Denying an opportunity to amend for futility reasons "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss the under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  <u>Zutz v. Nelson</u>, 601 F.3d 842, 850 (8th Cir. 2010) (quoting <u>Cornelia</u>, 519 F.3d at 782).  Sappi contends medical records establish Anderson's ability to perform at least some work and, therefore, amendments to the Complaint will still fail to show Anderson is eligible to receive disability benefits under the Plan.  However, as discussed above, material outside of the pleadings will not be considered at this time.

The Complaint clearly sets forth what needs to be proven to receive disability benefits under the Plan.  What is unclear, however, is further allegations in the Complaint describing whether or not Anderson has met these requirements.  Claiming the "Plaintiff was not capable of working" is not the same as claiming the "Plaintiff was totally disabled and unable to work on a full-time basis."  <u>Compare</u> Compl. ¶ 7, with ¶ 6.  Looking strictly at the pleadings, it is unclear if Anderson is or is not able to perform any work for any kind of compensation of financial value as reasonably interpreted by the Plan administrator.  Denying an opportunity to amend as futile is inappropriate because it is not conclusive that an amended complaint would be unable to withstand a motion to dismiss under Rule 12(b)(6).  The intentions of Rule 15(a) are best served

by affording an opportunity for Anderson to test her claims on the merits by way of a better drafted complaint.

**D.  Pleading Requirements**

Surviving a Rule 12(b)(6) motion to dismiss requires Anderson to set forward sufficient facts demonstrating relief under the words of the Plan.  Facts pled that do not show Anderson is incapable of performing any work for any kind of compensation of value will not aid the Complaint in surviving a motion to dismiss.  Manufacturing or obfuscating facts to satisfy this requirement will not be allowed.  Rule 11 of the Federal Rules of Civil Procedure establishes all factual contentions presented to the Court must have at least likely evidentiary support.  The Court expects this rule to be closely followed should Anderson decide to file an amended complaint.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion to Dismiss [Docket No. 12] is **DENIED**.

2.  Plaintiff must file a First Amended Complaint by October 10, 2014 or the matter will be dismissed at that time.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 25, 2014.